J-S46008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| T.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| A.H. | |
| | No. 166 MDA 2017 |

Appeal from the Order Entered December 23, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 14-20382

BEFORE:  BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 15, 2017**

T.R. ("Mother") appeals the December 23, 2016 custody court order that granted the petition to intervene filed by R.H. and S.H., the paternal grandparents ("Grandparents").  We are constrained to quash the appeal.

A.B. was born during October 2008, of Mother's marriage to A.H. ("Father").  Mother filed a divorce complaint on October 20, 2014, which included, *inter alia*, a complaint for custody of A.B.  On August 18, 2015, the trial court entered a final order that awarded Mother sole legal and physical custody of A.B. and granted Father two hours supervised physical custody per week.  Neither party appealed that order.

On June 28, 2016, Grandparents filed a petition to intervene seeking standing to exercise partial physical custody pursuant to 23 Pa.C.S.

_____

* Former Justice specially assigned to the Superior Court.

§ 5325(2). Mother noted her opposition, and following a hearing, the trial court granted the petition. However, after our Supreme Court issued ***D.P. v. G.J.P.***, 146 A.3d 204 (Pa. 2016), the trial court granted reconsideration in light of the High Court's holding that the portion of § 5325(2) that applied to parents that have been separated for a period of at least six months was constitutionally infirm. ***D.P.*** involved the direct appeal to the Supreme Court from a trial court order that denied grandparents standing and expressly invalidated a component of the standing provision. Effectively, Mother asserted that the surviving clause in § 5325(2) relating to parents who "have commenced and continued a proceeding to dissolve their marriage" is unconstitutional under the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution.[1] 23 Pa.C.S § 5325 (2).

On December 23, 2016, following the submission of briefs and additional argument, the trial court entered the above referenced order reaffirming Grandparents' standing to intervene in the custody litigation pursuant to § 5325(2). Mother filed a timely appeal and concomitantly filed her concise statement of errors on complained of on appeal pursuant to Pa.R.A.P. 1925(b).

_____

[1] On October 21, 2016, Mother provided notice of her constitutional challenge to the Attorney General of Pennsylvania by certified mail pursuant to Pa.R.A.P. 235.

She raises two issues for our review:

1. Did the Trial Court err in granting Grandparents' Petition to Intervene following the Supreme Court ruling in [**D.P. v. G.J.P.**, 146 A.3d 204 (Pa. 2016)].

2. Did the Trial Court's ruling and 23 Pa.C.S. [§] 5325 violate Appellant's Equal Protection and Due Process rights to raise and rear the minor child as a parent sees fit.

Mother's brief at 4. Neither Father nor Grandparents filed a brief in this case, and, as of the date that the certified record was transmitted to this Court, Grandparents have neglected to pursue any form of partial physical custody. Similarly, Father has failed to indicate either his support of or opposition to Grandparents' intervention.

At the outset, we address Grandparents' application to dismiss the appeal for lack of jurisdiction because the December 23, 2016 order granting intervention was not a final order. We previously stated, "[a]n appeal lies only from a final order, unless permitted by rule or statute." **Stewart v. Foxworth**, 65 A.3d 468, 471 (Pa.Super. 2013). Pursuant to Pa.R.A.P. 341(b)(1), "[a] final order is any order that . . . disposes of all claims and all parties[.]" As it relates to custody cases, an order is final and appealable only when it is: (1) entered after the court has completed its hearings on the merits; and (2) intended by the court to constitute a complete resolution of the custody claims pending between the parties. **G.B. v. M.M.B.**, 670 A.2d 714 (Pa.Super. 1996).

- 3 -

As noted, Grandparents assert that the December 23, 2016 order was not final because the trial court anticipated further proceedings to determine whether awarding them some form of partial custody of A.B. was in the child's best interest. Mother counters that the order granting standing is final pursuant to Pa.R.A.P. 341(b) because "there is no open case or further litigation pending in front of the trial court[.] Application for Relief Pursuant to Pa.R.A.P., 3/16/17, at 2. Stated another way, Mother posits that, since Grandparents have not yet pursued a motion to modify the existing custody order, the order granting standing is final. We disagree.

Mother's argument is contrary to reason. Grandparent's decision whether or not to immediately pursue partial physical custody is irrelevant to the determination of finality. Rather, finality is controlled by the nature of the order, *i.e.*, whether the order puts a litigant out of court or disposes of all claims and all parties. Thus, having granted Grandparents standing to pursue partial physical custody of A.B. pursuant to § 5325(2), the order put neither Grandparents nor Mother out of court, and it did not resolve the ultimate question of custody. It is beyond peradventure that, under Pennsylvania jurisprudence, an order granting a petition to intervene in a custody action is interlocutory and not an appealable final order under Rule 341(b). ***Beltran v. Piersody***, 748 A.2d 715 (Pa.Super. 2000); ***K.W. v. S.L.***, 157 A.3d 489, 502 (Pa.Super. 2017) ("Father concedes that the [order granting standing] is not a final order pursuant to Pa.R.A.P. 341(b)"). Thus,

- 4 -

we reject Mother's assertion that Grandparents' procrastination in filing a request for relief after the order granting standing transformed the interlocutory award of standing into a final order appealable under Rule 341.

Additionally, although Mother does not argue that the order was a collateral order appealable as of right pursuant to Pa.R.A.P. 313(a),[2] we observe that the collateral order doctrine does not apply herein. Pursuant to Rule 313(b), "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Instantly, the December 23, 2017 order fails to satisfy the requirements of the collateral order doctrine insofar as Mother's challenge to Grandparents' standing will not be irreparably lost if review of that issue is postponed until the entry of a final custody order. **See Beltran**, **supra** (order granting intervenor status did not qualify as a collateral order because denial of immediate review would not cause claim to be irreparably lost). Indeed, **if** the trial court eventually awards Grandparents some form of partial physical custody of A.B., Mother will be able to appeal that final order and, at that time, she can challenge the trial court's determination that Grandparents

---

[2] As Mother refused to acknowledge that the order was interlocutory, she neglected to seek to certify the interlocutory order for appeal or assert that the interlocutory order was appealable of right pursuant to Pa.R.A.P. 311.

had standing pursuant to § 5325(2). Until custody is altered, however, it is difficult to characterize Mother as an aggrieved party since there is no imposition upon her fundamental right to parent A.B. without interference and there is no intrusion on her ability to exercise sole legal and primary physical custody over her daughter, subject only to Father's two-hour period of supervised physical custody per week.

Moreover, we observe that the posture of the case at bar is substantively different from the facts of *K.W. v. S.L.*, 157 A.3d 498 (Pa.Super. 2017), where this Court found that a father's fundamental right to parent his child required immediate review of the interlocutory order granting *in loco parentis* standing to third-party intervenors who desired to to adopt the father's daughter without his consent. The salient facts in *K.W.* are as follows. K.W. unknowingly fathered a daughter, who was placed for adoption. Two days after birth, the adoption agency placed her with a prospective family where she remained. When the agency established contact with the father two months after placement, he refused to consent to the adoption. Eventually, the father and the prospective parents filed countervailing custody complaints, and the father filed preliminary objections that challenged the prospective parents' standing to pursue custody. In the interim, the prospective parents exercised primary physical custody and father exercised periods of partial custody. The parties shared legal custody.

After a hearing on the father's preliminary objections, the trial court granted the prospective parents *in loco parentis* standing to sue for legal and physical custody under § 5324(2). The father appealed, arguing that a third-party cannot be conferred *in loco parentis* standing in contravention of a parent's wishes.

On appeal, this Court addressed the threshold issue of jurisdiction, *i.e.*, whether the interlocutory order granting standing was appealable. The father conceded that the order granting standing was not a final order appealable under Rule 341(b), but he contended that the order was appealable under the collateral order doctrine codified in Rule 313(a) and (b). In relation to the third-prong of the doctrine, upon consideration of the father's fundamental constitutional right to parent his child and the fact that the father had been deprived that right without any due process protections, we concluded that his claim would be irreparably lost if review was postponed until the trial court entered a final custody order. In sum, we reasoned,

> Under the unique circumstances of this case, where Father was deprived of Child by a private adoptions agency without the benefit of a hearing or other due process protections, this Court could not hope to fully vindicate or restore Father's rights by the time of his second appeal. We therefore conclude that the . . . order [granting third-party standing] satisfies . . . the collateral order doctrine, and that Father's appeal is properly before us.

*Id*. at 504. We were particularly frustrated by the fact that the trial court permitted the proceedings to continue when "Father ha[d] been deprived of

- 7 -

Child without any evidence in the record that he [was] an unfit parent, and without the benefit of due process protections." *Id*. at 507.

Thus, we reviewed the merits of the trial court's interlocutory order granting the prospective parents *in loco parentis* status and found that the court erred in concluding that a third-party could attain *in loco parentis* status against the father's wishes. Accordingly, we reversed the order and remanded the matter with directions to sustain the father's preliminary objections to the prospective parent's custody complaint.

Presently, Mother is not facing similar impediments to her ability to exercise her fundamental rights as a parent. First, she was not deprived of any due process protections at any point during the custody dispute. Moreover, unlike the Father in **K.W.**, **supra**, whose parental authority had been supplanted against his will by third-party intervenors who continued to exercise primary physical custody of his daughter despite the unresolved question of their standing, Mother's fundamental right to parent remains unimpeded by the order recognizing Grandparents' standing to pursue partial custody at some point in the future. Unless and until the trial court awards Grandparents some form of partial physical custody, there is no tangible grievance for Mother to vindicate. Again, while the father in **K.W.** would have been forced to continue to share legal custody and to forego additional periods of physical custody with his daughter had this Court not permitted an immediate appeal under the collateral order doctrine, neither of

those concerns is implicated herein. Mother maintains sole legal custody of A.B., and while her domain is subject to Father's brief period of supervised partial physical custody, she is not beholden to Grandparents' custody requests in any regard. Thus, we find that the facts of this case does not present a similar set of unique circumstances that required us to review the interlocutory order in *K.W.*, *supra*.

As the December 23, 2016 order denying Mother's motion for reconsideration from the prior order granting Grandparents standing to pursue partial physical custody pursuant to §5325(2) is neither a final order nor an appealable collateral order, we lack jurisdiction to address the merits of Mother's constitutional challenge. Accordingly, we grant Grandparents' motion to dismiss the appeal for lack of jurisdiction, and we quash the appeal.

Appeal quashed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017